

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-95,344-01 & WR-95,344-02

### EX PARTE SAMANTHA GARCIA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2011CR1577A-W1 & 2011CR2193-W1
### IN THE 290TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*.

### O P I N I O N

Applicant pleaded no contest to two charges of possession of less than one gram of a controlled substance in Penalty Group One. In each case, she received deferred adjudication and was sentenced to 4 years' community supervision. On adjudication, she received sentences of 1 year in the Texas Department of Criminal Justice–State Jail Division. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because he operated under an actual conflict of interest, placing his personal interests over Applicant's interest. Specifically, trial counsel repeatedly demanded sexual performance from Applicant against her will. He did not discuss the

facts of her cases or any possible defenses, or interview potential witnesses. Counsel falsely told Applicant that he could sway the trial judge's decisions. He threatened to exercise his power with the judge to hurt Applicant's cases if she did not accede to his sexual demands. He frightened Applicant into complying.

Following a hearing, the habeas court made findings of fact and conclusions of law in which it recommended that habeas relief be granted as to applicant's claim that trial counsel labored under an actual conflict of interest due to his sexual misconduct towards applicant, thereby resulting in a denial of her Sixth Amendment right to the effective assistance of counsel. Counsel's only interest in Applicant's cases was as leverage to demand Applicant's sexual performance. The trial court has determined that trial counsel's performance was deficient and that Applicant was prejudiced.

Relief is granted. *Strickland v. Washington*, 466 U.S. 668 (1984). The judgments in cause numbers 2011CR1577A and 2011CR2193 in the 290th District Court of Bexar County are set aside. Applicant shall answer the charges as set out in the indictments. The trial court shall issue any necessary orders within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 10, 2024
Do not publish